IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>   v.<br><br>ERNESTO ESCOBAR CASTILLO [2],<br><br>Defendant. | CRIMINAL NO. 15-349 (PAD) |

**REPORT AND RECOMMENDATION**

  Defendant Ernesto Escobar Castillo [2] was charged in Counts One, Two and Four of a Second Superseding Indictment and he agreed to plead guilty to Counts One and Two of the Second Superseding Indictment.   Count One charges that on or about May 7, 2015, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant herein, aiding and abetting each other and others, did take a motor vehicle, to wit:   a 2015 Jeep Wrangler bearing license plate number IJV332, Vehicle Identification Number 1C4BJWDG6FL561908, that had been transported, shipped, and received in interstate or foreign commerce, in the presence of L.T., T.Y., AND C.R.T., by force, violence, and intimidation, with the intent6 to cause death or serious bodily harm.   All in violation of Title 18, United States Code, Sections 2119(1) and 2.

  Count Two charges that, on or about May 7, 2015, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant herein, aiding and abetting each other and others, did knowingly possess a firearm, that is: a two-toned silver and black pistol of unknown make and model, and with an unknown serial number, in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, as

United States of America v. Ernesto Escobar-Castillo [2]
Criminal No. 15-349 (PAD)
Report and Recommendation
Page 2

charged in Count One of this Second Superseding Indictment. All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) and 2.

On June 2, 2016, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Counts One and Two of the Second Superseding Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Counts One and Two, he was examined and verified as being correct that: he had consulted with his counsel Héctor A. Deliz and Jason González-Delgado, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representatives and had time to discuss with them all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate

---

[1] The form entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

Judge, the content of the Second Superseding Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this

United States of America v. Ernesto Escobar-Castillo [2]
Criminal No. 15-349 (PAD)
Report and Recommendation
Page 4
_____

Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty.    The maximum statutory penalty for the offense charged in Count One of the Second Superseding Indictment is a term of imprisonment of not more than fifteen (15) years, pursuant to 18 U.S.C. § 2119(1); a fine not to exceed two-hundred and fifty thousand dollars ($250,000.00), pursuant to 18 U.S.C. § 3571(b)(3); a supervised release term of not more than three (3) years, pursuant to 18 U.S.C. § 3583(b)(2); and a Special Monetary Assessment of $100.00 pursuant to 18 U.S.C. § 301333(a)(2)(A).

The maximum statutory penalty for the offense charged in Count Two of the Second Superseding Indictment is a term of imprisonment of not less than five (5) years or more than life, pursuant to 18 U.S.C. § 924(c)(1)(A)(i); a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of no more than five (5) years, pursuant to 18 U.S.C. § 3583(b)(1); and a Special Monetary Assessment of one hundred dollars ($100.00), pursuant to 18 U.S.C. § 3013(a)(2).    The penalty for Count Two shall run consecutive to any other count of conviction.

Defendant shall also pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, for a total of two hundred dollars. ($200.00).

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had

<u>United States of America v. Ernesto Escobar-Castillo [2]</u>
Criminal No. 15-349 (PAD)
Report and Recommendation
Page 5

been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea and Forfeiture Agreement (Pursuant to Fed. R. Crim. P. 11(c)(1)(A) & (B))" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Counts One and Two, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be.   Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate and agreement that appears on pages three (3) and four (4), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. As to Count One, pursuant to U.S.S.G. § 2B3.1(a), the Base Offense Level is of Twenty (20). Pursuant to U.S.S.G. § 2b3.1(B)(5), an increase of two (2) levels is agreed for offense involved a carjacking. Pursuant to U.S.S.G. § 3E1.1(a)-(b), a decrease of three (3) levels is agreed for acceptance of responsibility.   Therefore, the Total Adjusted Offense Level is of Nineteen (19).  Assuming a Criminal History Category of I, the imprisonment range is of 30 to 37 months; assuming a Criminal History Category II, the imprisonment range is of 33 to 41

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same.   Defense counsel recognized they explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

months; assuming a Criminal History Category III, the imprisonment range is of 37 to 46 months; assuming a Criminal History Category IV the imprisonment range is of 46 to 57 months; assuming a Criminal History Category V, the imprisonment range is of 57 to 71 months; and assuming a Criminal History Category VI, the imprisonment range is of 63 to 78 months.

As to Count Two, the guideline recommended sentence is the minimum term of imprisonment required by statute, that is, a term of imprisonment of sixty (60) months.

There is no stipulation as to defendant's Criminal History Category.

As to Count One, the United States reserves the right to recommend a term of imprisonment at the lower end of the guideline range applicable to a total adjusted offense level of 19 when combined with the Criminal History Category determined by the Court, and the defendant reserves the right to recommend a sentence of no less than 20 months if the defendant's Criminal History Category is I based on the factors set forth at 18 U.S.C. § 3553(a). If the defendant's Criminal History Category is II or higher, the defendant may recommend no less than ten months below the lower end of the guideline sentencing then applicable to a total adjusted offense level of 19.

As to Count Two, the parties agree to jointly recommend a term of imprisonment of 60 months to be served consecutively to the sentence imposed as to Count One.

Assuming that defendant's Criminal History Category is I, the United States' recommendation calls for a total sentence of no more than 90 months, while the defendant's recommendation calls for a total sentence of no less than 80 months. The

defendant agrees that the sentencing recommendation set forth herein is reasonable pursuant to Title 18, United States Code, Section 3553(a).

The United States and defendant agree that no further adjustments or departures to defendant's total adjusted base offense level shall be sought. The parties agree that any request by defendant for an adjustment or departure will be considered a material breach of this Plea and Forfeiture Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

At sentencing, the United States shall request the dismissal of the remaining counts of the Second Superseding Indictment.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the defendant agrees to forfeit all of his right, title, and interest in the following property (hereafter, collectively, the "Property"):   a two-toned silver and black pistol of unknown make and model, and with an unknown serial number; a model SW00, .40 caliber, Smith & Wesson pistol bearing serial number B01902; and 23 rounds of ammunition.   All pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant

acknowledged the evidence of the government was fully disclosed to them and previously discussed between them. Defendant was also read and shown a document entitled "Stipulation of Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was able to understand the explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole.   Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea.   Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances

<u>United States of America v. Ernesto Escobar-Castillo [2]</u>
Criminal No. 15-349 (PAD)
Report and Recommendation
Page 9

particularly if the sentence is contrary to law.   With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case.   Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph ten (10) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Second Superseding Indictment in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Counts One and Two was what he had done and to which he was pleading guilty during these proceedings.   Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Counts One and Two of the Second Superseding Indictment in Criminal No. 15-349 (PAD).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Counts One and Two of the Second Superseding Indictment in Criminal No. 15-349 (PAD).

IT IS SO RECOMMENDED.

The sentencing hearing will be set before Hon. Pedro A. Delgado, District Judge.

The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim P. 59 (b)(2). See also Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988).

San Juan, Puerto Rico, this 7th day of June of 2016.

                                           s/ CAMILLE L. VELEZ-RIVE
                                           CAMILLE L. VELEZ-RIVE
                                           UNITED STATES MAGISTRATE JUDGE